```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
           Criminal No. 06-130(1)(DSD/JJG)
```

United States of America,

       Plaintiff,

v.                                      **ORDER**

Carlos Guillermo Meza,

       Defendant.


This matter is before the court upon the motion for the return of property by pro se defendant Carlos Guillermo Meza. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On April 1, 2006, the Anoka Hennepin Drug Task Force (Task Force) executed a search warrant at Meza's residence in Brooklyn Park, Minnesota. Nelson Aff. ¶ 4. Meza was arrested and several items were seized. On August 18, 2006, Meza pleaded guilty to conspiracy to distribute and to possession with intent to distribute 500 grams or more of a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. On May 25, 2007, Meza was sentenced to imprisonment for a term of 168 months. ECF No. 86.

On October 15, 2012, Meza filed a pro se motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g).

Specifically, Meza requests the return of "[p]ersonal [i]tems that [a]re [p]hoto [a]lbums and [o]ther [p]roperty." Mot. Return Property 1. On January 18, 2013, the government responded, explaining that the Task Force has disposed of all property seized from Meza's residence. Nelson Aff. ¶ 7.

## DISCUSSION

"Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return." Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008) (citation omitted). The movant must establish lawful entitlement to the property, which "is often satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." Id. at 396-97 (citations omitted).

Once this initial burden is met, the government then must establish a legitimate reason to retain the property. Legitimate reasons include that the "defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (citation and internal quotation marks omitted). "Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable

2

actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (citations omitted).

The government argues that Meza's motion should be denied because he fails to present a sufficiently specific motion. See United States v. Dean, 100 F.3d 19, 21 (5th Cir. 1996) (noting that factual allegations must be sufficiently definite and that "[g]eneral or conclusionary assertions will not suffice"). The court disagrees, and notes that Meza specifically requests the return of a photo album. See Mot. Return Property 1. Further, the Task Force evidence log confirms that a photo album was seized. See Nelson Aff. Ex. 1, ECF No. 90-1, at 15. At the very least, Meza has requested the return of a photo album with the requisite specificity. As a result, the motion does not fail on vagueness grounds.

The government next argues that it is not in possession of Meza's property and, as a result, cannot provide for its return. Specifically, the federal government argues that it never possessed Meza's property and that the Task Force maintained the seized items. See id. (stating that property was held by "Anoka County Sheriff"). Even if the federal government never had actual possession of Meza's property, it was taken "as part of an investigation that resulted in [Meza's] federal prosecution," and

3

the federal government had constructive possession of the seized property. United States v. Story, 170 F. Supp. 2d 863, 867 (D. Minn. 2001) (citation omitted); see United States v. Pinque, No. 99-33, 2006 WL 1205834, at *2 (D. Minn. May 3, 2006) (same). As a result, the government's argument fails, and the fact that the Task Force retained possession of the seized property does not bar its return.[1]

The Task Force, however, disposed of the seized items on March 25, 2008, Nelson Aff. ¶ 7, and thus the court cannot order their return. As a result, the only possible relief is that of a monetary award. Rule 41(g), however, contains no explicit waiver regarding sovereign immunity for monetary damages, and the court "may not use general equitable principles to fill the gap." United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001). In other words, the court may not award monetary relief under Rule 41(g). See id.

A pro se defendant, however, must be given the opportunity to state a cognizable action, if one exists.

> Other statutes authorize money damages against the United States, such as the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81. A cause of action may accrue under one or more of those statutes when the government discloses that it has lost, destroyed, or transferred property

---

[1] In so stating, the court reiterates that Meza is not entitled to the return of any property that he may not lawfully possess or that is contraband. See United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002).

4

> that would otherwise be subject to a Rule 41[(g)] order to return. If such a cause of action has accrued, the government's sovereign immunity from an award of money damages may well be waived. Therefore, when a district court conducting a Rule 41[(g)] proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding pro se ...) an opportunity to assert an alternative claim for money damages. The court also retains equitable jurisdiction under Rule 41[(g)] to resolve issues of fact that may help to determine whether such an alternative claim is cognizable.

Id. at 943 (internal citations omitted). Therefore, the court will allow Meza an opportunity to file a new motion, asserting any alternative claim that may exist.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for the return of property [ECF No. 89] is denied;

2. Defendant has until August 1, 2013, to file a new motion, asserting any alternative claim he may have regarding the seized property; and

3. If defendant chooses to file a new motion, he must specify the items that are subject to his motion.

Dated:  June 4, 2013

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court